IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JAMES KELLY MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:14-cv-1595-WMA-TMP |
| ) | |
| SHERIFF RODNEY INGLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION AND ORDER**

The magistrate judge filed a report on March 30, 2015, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted with regard to the claims against defendants John Gordon, Erica Dubiciak, Chris Whitley, Barry Corkren, and Frankie McCafferty. The magistrate judge further recommended that Sheriff Rodney Ingle be required to file a special report responding to the plaintiff's claim the he deliberately interfered with medical treatment. On April 16, 2015, the plaintiff filed objections to the report and recommendation (doc. 22), along with a motion for leave to file an amended complaint. (Doc. 23).

In his objections, the plaintiff states in conclusory fashion that "supervisors Dubiciak and Whitley failed to adequately train their subordinates," and asserts vaguely that "the policy that was in effect helped contribute to the plaintiff not seeing the bone specialist." (Doc. 22 at 2).  He contends the approximate one month delay in seeing a specialist "was unconstitutional." *Id*. at 3.   However, these general assertions are not sufficient to state a claim against the defendants whom the magistrate judge recommended be dismissed.

The plaintiff's complaint must be viewed in light of the defendants' qualified immunity and the plausibility requirements set forth by the Supreme Court in *Twombly* and *Iqbal*.  Although courts are required to construe *pro se* complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).

In this instance, the allegations set forth in the plaintiff's objections do not plausibly show that the said defendants acted with "an attitude of deliberate indifference" with respect to his injury. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  In other words, the plaintiff can assert a valid constitutional claim only

2

if he can show that the defendants possessed a "subjective awareness" of facts signaling a serious medical need *and* that they were deliberately indifferent, as opposed to merely negligent, in failing to address that need. The plaintiff's bare allegations do not demonstrate that the defendants acted "intentionally or recklessly" to deny medical care.

Furthermore, even if the plaintiff had shown deliberate indifference on the part of a member of the jail staff, defendants Dubiciak and Whitley could not be held responsible based solely on their supervisory roles. It is well settled that "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Supervisory personnel may be held accountable for the constitutional violations of their subordinates only upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986). There are no specific allegations in the plaintiff's complaint or subsequent objections which satisfy any of these criteria. Accordingly the plaintiff's objections (doc. 22) are **OVERRULED**.

The plaintiff's motion to amend the complaint seeks to add Deputy Kevin White as a defendant. (Doc. 23). It appears that Deputy White is the officer who escorted the plaintiff to the bone specialist in Fayette, Alabama, on July 29, 2014, and who, on orders from Sheriff Ingle, returned him to the jail without being afforded a chance to meet with the specialist. *Id*. at 2, and doc. 1 at 7. The plaintiff complains that White "allowed Sheriff Ingle to influence him" which resulted in the plaintiff being returned to the jail prematurely. *Id*. at 2.

As stated above, an Eighth Amendment medical claim includes a subjective component, which requires the plaintiff to submit facts which demonstrate a defendant's punitive intent. In other words "prison conditions are only punishment if a mental element of punitive intent is shown." *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). "If the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify" as cruel and unusual punishment. *Id*.; *quoting Wilson v. Seiter*, 501 U.S. 294, 300 (1991). In this instance, the plaintiff has failed to allege facts which plausibly suggest a subjective intent to punish on the part of Deputy White. The only direct allegation against White is that, after escorting the plaintiff to the bone specialist, he prematurely returned him to the jail on orders from Sheriff Ingle. These facts are not sufficient to state a claim of subjective deliberate

4

indifference on the part of White. Where, as here, an amendment would be futile, it is within the court's discretion to deny a motion to amend. *Vanderburg v. Donaldson*, 259 F.3d 1321, 1326-27 (11th Cir. 2001). Accordingly, the plaintiff's motion to amend the complaint (doc. 23) is **DENIED**.

Based upon the above, and having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED. It is therefore **ORDERED** that all of the plaintiff's claims in this action, except the claim against Sheriff Ingle that he deliberately interfered with the plaintiff's medical treatment, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1). It is further **ORDERED** that the remaining claim against Sheriff Ingle is REFERRED to the magistrate judge for further proceedings.

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff and upon counsel of record.

Done this 13th day of May, 2015.

_____
WILLIAM M. ACKER, JR
UNITED STATES DISTRICT JUDGE