# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JAMES KELLY MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:14-cv-1595-VEH-TMP |
| ) | |
| SHERIFF RODNEY INGLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on June 24, 2016, recommending the defendant's motion for summary judgment be denied. (Doc. 49). The defendant has filed objections (doc. 50) to the report and recommendation. After *de novo* review and consideration of the materials in the court file, the court finds the objections unpersuasive.

In addition to the correct assertion that any monetary claims against the defendant in his official capacity are due to be dismissed pursuant to Eleventh Amendment sovereign immunity, the defendant also maintains he is entitled to qualified immunity on the claims alleged against him in his individual capacity. (Doc. 50). He contends, based upon undisputed facts before the court, that no clearly established law provided him fair warning that his conduct was unlawful.

*Id*. at 3.  He further contends that because the plaintiff was examined twice by a physician and was provided all prescribed medications, the dispute here concerns only the adequacy of the medical treatment, which cannot support a claim of deliberate indifference. *Id*. at 2-3.

In support of these contentions, the defendant states that it is "undisputed [he] had no involvement in any of the[ ] events" regarding plaintiff's medical care, and that "he did not know the emergency room physician had instructed a follow-up appointment with a physician." (Doc. 50 at 2).[1]  However, as the magistrate judge pointed out, the plaintiff testified that Sheriff Ingle was present when he was asked to sign the financial responsibility paperwork at the orthopedic specialist's office, that Sheriff Ingle refused to authorize payment from State or County funds, and that Sheriff Ingle instructed an officer to terminate the appointment and return the plaintiff to the jail because of plaintiff's refusal to sign.  (Doc. 49 at 7).  The magistrate judge correctly recognized that the Sheriff's denials in that regard simply create an issue of fact to be decided at trial.  *Id*. at n. 6.  Therefore, based on the present state of the record, a reasonable jury could conclude that Sheriff Ingle intentionally interfered with plaintiff's prescribed treatment for the sole reason of

---

[1] On this last point, the defendant seems to argue that the plaintiff cannot meet the *subjective* component of an Eighth Amendment claim.  However, the plaintiff testified that the defendant was present at the orthopedic specialist's office, which would, at a minimum, create the reasonable inference that he was aware of the plaintiff's injury and the need for specialist care. For purposes of summary judgment, all reasonable inferences are to be resolved in favor of the non-moving party.

his inability to pay, and that such interference constituted deliberate indifference in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990).

The defendant's argument that he is entitled to qualified immunity because no clearly established law provided a warning that his conduct was unlawful is also without merit. As early as 1976, the Supreme Court placed law enforcement personnel on notice that intentionally interfering with prescribed treatment for a prisoner's serious medical need can constitute deliberate indifference in violation of the Eighth Amendment. *Estelle*, supra. Furthermore, case law decided prior to the events in question has consistently held that denying a prisoner necessary medical care based solely on his inability to pay, or for other non-medical reasons, violates constitutional principles. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *H.C. by Hewett v. Jarrad*, 786 F. 2d 1080, 1086 (11th Cir. 1986); *Harris v. Thigpen*, 941 F.2d 1495, 1509 (11th Cir. 1991). It was therefore clearly established on July 30, 2014, that Sheriff Ingle's actions, as alleged by the plaintiff, would likely constitute deliberate indifference. The genuine factual disputes regarding the events on that date are properly left for the trier of fact.

Based upon the above, and having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that the defendant's motion for summary judgment is **DENIED**. This matter is referred to the magistrate judge for further proceedings.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

**DONE** and **ORDERED** this August 17, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
UNITED STATES DISTRICT JUDGE